**SHORT, Plaintiff-Appellant, v. BEODDY, Defendant-Appellee.**

Ohio Appeals, Seventh District, Geauga County.

No. 278. Decided August 22, 1951.

Robert Merkle, Cleveland, for plaintiff-appellant.
Mark L. McCave, Cleveland, for defendant-appellee.

## OPINION

By PHILLIPS, J.

In this opinion the parties will be called plaintiff, defendant and decedent.

Decedent, the former wife of plaintiff, died on March 11, 1950, allegedly owing plaintiff $3300.00. Plaintiff commenced an action in the court of common pleas against defendant-executor to recover that amount of money, and in his petition alleged that claim for that amount was duly presented to defendant-executor within the statutory time provided therefor and disallowed by him.

Evidence offered at pre-trial hearing of such action disclosed that defendant's defense to plaintiff's claim was that decedent agreed to pay plaintiff such indebtedness "when the proceeds of the sale of my property in Huntsburg. Ohio. is paid to me." Defendant's counsel construe, and contend, the word "when" should be construed to mean "if and when," and that since decedent had not sold such property before her death defendant-executor was under no obligation to pay such claim.

It appears that about the time of pre-trial hearing plaintiff was suffering from a brain tumor as the result of which his counsel had been unable to contact him directly. It further appears that his counsel had learned through a Texas attorney, where plaintiff apparently is living, that his health is improving, and that it is possible that he may be able to appear for trial of his case upon its merits in the reasonably near future. The trial judge was informed of all of the foregoing facts.

On February 13, 1951, subsequent to pre-trial hearing, the trial judge overruled plaintiff's motion for a continuance of hearing of the case upon its merits, apparently for the reason that the urgency in closing decedent's estate in order to turn it over to decedent's collateral relatives justified him doing so, and dismissed plaintiff's action at his costs for want of prosecution and entered judgment accordingly.

Plaintiff appealed from the judgment of the trial court to this court on questions of law. By assignments of error plaintiff contends "said entry was contrary to law because the best evidence available to counsel for the plaintiff as to the serious physical illness of the plaintiff was submitted to the court," and "for the reason that evidence was furnished to the trial court that counsel for the plaintiff had made repeated and continuous efforts to contact the plaintiff without success"; and that there are "other errors apparent in the pleadings and transcript."

In a word the sole question presented to us for our consideration and determination is whether the trial judge abused his discretion in overruling plaintiff's motion for continuance for the reasons stated supra and dismissing his action at his costs for want of prosecution.

We conclude that the trial judge did not abuse his discretion nor commit error prejudicial to plaintiff in any of the respects urged by him in his assigned grounds of error upon which we pass in this opinion.

Appellant's counsel has failed to call our attention to "other errors apparent upon the face of the record," as alleged as a ground of error, nor to comply in respect thereto with the provisions of Rule VII of this court that his briefs "shall contain a statement of the questions presented and a succinct statement of so much of the cause, referring to the pages of the record, as is necessary to show how the questions arose, together with a statement of the authorities relied upon." Accordingly we will not pass upon this assigned ground of error.

The judgment of the court of common pleas is affirmed.

NICHOLS, PJ, GRIFFITH, J, concur in judgment.