DECISION AND JUDGMENT ENTRY
Berna K. Puckett appeals various judgments of the Pickaway County Court of Common Pleas relating to her divorce proceedings and assigns the following errors:
 Assignment of Error No. 1 It was an abuse of discretion for the trial court to deny Appellant's motion for a continuance of the final divorce hearing due to her hospitalization. (Decree dated October 19, 1999 and Decision and Entry dated December 9, 1999).
 Assignment of Error No. 2 The trial court's division of property and liabilities constitutes an abuse of discretion. (Decree dated October 19, 1999).
 Assignment of Error No. 3 It was an abuse of discretion for the trial court to fail to award spousal support or attorneys fees to Appellant when she had no income of her own. (Decision and Entry dated December 9, 1999).
 Assignment of Error No. 4 It was an abuse of discretion for the trial court to find Appellant in contempt of court without giving Appellant the opportunity to defend herself. (Decree of Divorce dated October 19, 1999).
 Assignment of Error No. 5 It was an abuse of discretion for the trial court to overrule Appellant's Motion for New Trial. (Decision and Entry dated December 9, 1999).
Finding appellant's first and fifth assignments of error to be meritorious, we reverse and remand.
Robert and Berna Puckett married in June 1996. Mr. Puckett filed a complaint for divorce in March 1999. While the divorce was pending, Mr. Puckett filed various contempt motions alleging that Mrs. Puckett had harassed him on his cellular phone and at work, had damaged his home, and refused to return property belonging to him. On two separate occasions, the court scheduled hearings to resolve these motions and the other issues pertaining to the divorce. Mrs. Puckett filed motions to continue both hearings, attaching a letter from her physician indicating that she was not emotionally or physically able to attend the hearings. The court granted both requests for continuances.
In August, the court scheduled a final hearing for October 15, 1999 at 1:00 p.m. and sent notice to the parties. Shortly thereafter, Mrs. Puckett's counsel filed a motion to withdraw in which he indicated that Mrs. Puckett no longer wanted his representation. The court granted the motion to withdraw.
On October 13, 1999, Mrs. Puckett attempted suicide and was transported by ambulance to Doctors Hospital West in Columbus. On October 15, 1999, Mrs. Puckett faxed a letter to the court indicating that she was hospitalized and, despite her request to be released, her treating physician would not discharge her. Mrs. Puckett also sent a letter from Dr. Burton Hutman indicating that Mrs. Puckett was being treated for depression, that she was not stable, and that he would not discharge her. Additionally, a social worker from the hospital phoned to apprise the court of Mrs. Puckett's condition and inability to appear for the hearing.
Despite Mrs. Puckett's request for a continuance, the court conducted the hearing and granted the divorce. The court also divided the assets and liabilities, denied Mrs. Puckett's request for spousal support and attorney's fees, and found her in contempt of prior court orders. On November 2, 1999, Mrs. Puckett's current counsel entered her appearance and filed a motion for a new trial. The court denied this motion.
Mrs. Puckett timely appealed the denial of the continuance, the distribution of assets and liabilities, the denial of her request for spousal support and attorney's fees, and the denial of her motion for a new trial.
The grant or denial of a motion for a continuance is entrusted to the broad discretion of the trial judge. State v. Unger (1981),67 Ohio St.2d 65, 67. An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion. Id. "The term `abuse of discretion' connotes more than an error of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
The Supreme Court of Ohio listed the factors necessary for a continuance to be within the discretion of the court's power:
 To constitute a sufficient ground for a continuance because of the absence of a party it must appear that the absence is unavoidable, and not voluntary; that his presence at the trial is necessary; that the application is made in good faith; and that he probably will be able to attend court at some reasonable future time.
State ex rel. Buck v. McCabe (1942), 140 Ohio St. 535, paragraph two of the syllabus. If a party is physically unable to appear in court or to assist in her defense, or such appearance would endanger her health or result in substantial prejudice, a continuance should be granted. Cookv. Cook (June 3, 1994), Montgomery App. No. 13849, unreported, citingShort v. Beoddy (1951), 63 Ohio Law Abs. 603.
Here, the trial court proceeded with the final hearing despite Mrs. Puckett's inability to appear. Mrs. Puckett indicated that she wished to attend the hearing but was unable to do so because of her doctor's refusal to discharge her. Further, she attached a letter from her physician confirming this information. There is nothing in the record to establish that Mrs. Puckett's absence was contrived or disingenuous. As a party, Mrs. Puckett's participation was important to the resolution of the case.
The court noted in its denial of the motion for a new trial that this was Mrs. Puckett's "third attempt to subvert the orderly administration of justice * * *" and questioned the use of a different physician. Apparently, the court felt that Mrs. Puckett's third request was not made in "good faith." However, in light of the information supplied by Mrs. Puckett and the absence of any contrary facts, there is no evidence to support such a finding. There is also no evidence that Mrs. Puckett could not attend a hearing in the future. See Crease v. Woods of Centerville
(Oct. 25, 1995), Montgomery App. No. 14819, unreported (holding that where no indication that witness would be unable to attend future hearing, no reason to assume he would not be able to appear).
The court attached great importance to Mrs. Puckett's use of a different physician for treatment. However, given the fact that she was under emergency care, the argument that she was expert shopping carries little, if any, weight. We admit that the fact that Mrs. Puckett did not have retained counsel at the time of the October hearing could indicate that she had no intention of appearing; however, she could also have intended to proceed pro se. More importantly, the issue is whether the continuance should have been granted because Mrs. Puckett herself could not attend, not because she did not have counsel.
While we understand the trial court's frustration with Mrs. Puckett's numerous requests for continuances and the court's desire to maintain its docket, we are forced to conclude that the court abused its discretion. As Mrs. Puckett was hospitalized and provided unrefuted evidence that she could not be released, the trial court should have continued the hearing to another date.
There is no clear evidence in the record that the court received Mrs. Puckett's motion for a continuance prior to the hearing. However, based on the court's findings in its judgment entry overruling Mrs. Puckett's request for a new trial, it appears that the court was aware of her condition prior to holding the final hearing. If the court was unaware of Mrs. Puckett's hospitalization until after the hearing, the court erred in overruling her motion for a new trial. Under Civ.R. 59, a new trial may be granted for good cause shown and for various enumerated grounds, including where there is an irregularity in the proceedings or when an accident or surprise occurs which ordinary prudence could not have guarded against. Like a motion for a continuance, a motion for a new trial is relegated to the sound discretion of the trial court and can only be overturned if the court abuses its discretion. Perry v. Dearth
(July 26, 2000), Washington App. No. 99CA26, unreported. For the reasons discussed above, a new trial should have been granted to Mrs. Puckett if the court was unaware of her medical situation at the time of the hearing.
Having sustained appellant's first and fifth assignments of error, we need not consider the remaining assignments of error as they are moot. We reverse and remand for a new trial.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Abele, J.: Concur in Judgment and Opinion.
 ________________________ William H. Harsha, Judge