LUFT, APPELLANT, *v.* YOUNG, ADMR., BUREAU OF WORKMEN'S COMPENSATION, ET AL., APPELLEES.

(No. 6503—Decided June 6, 1961.)

*Mr. R. Brooke Alloway,* for appellant.

*Mr. Mark McElroy,* attorney general, *Mr. William G. Carpenter* and *Mr. Albert A. Yannon,* for appellees.

DUFFEY, P. J. This is an action in which the claimant-appellant is seeking to require the Industrial Commission to order payment of certain medical bills incurred as the result of an injury received in the course of and arising out of her employment.

The claimant was injured March 27, 1953. The Industrial Commission allowed her claim and granted compensation from the date of injury to January 10, 1960. In June 1958, fee bills submitted by her physician to the commission for services rendered in connection with the injury were heard before the administrator. The administrator made the following order:

"That medical bill of Dr. P. C. Staker be granted for treatments for period June 5, 1956, to May 16, 1958, in the sum of $591.00; that treatments rendered from March 30, 1953, to June 1, 1956, be denied as fee bill was not submitted within two years from date of treatments and does not comply with the rule of the Commission and R. C. 4123.52."

The Columbus Regional Board of Review affirmed the administrator's order. The Industrial Commission denied an appeal. Claimant then appealed to the Common Pleas Court of Franklin County where the appeal was denied and the constitutionality and statutory validity of Rule 6 of the Industrial Commission were upheld. Rule 6 provides as follows:

"Fee bills for medical, hospital and nursing services and for medicines and appliances, are forever barred from payment unless they are filed within two years from the time such services were supplied, or within six months from the time the Bureau of Workmen's Compensation has assumed jurisdiction in a contested or reopened claim."

The claim here is not a contested or reopened claim. Accordingly, the six-months provision is not in controversy. Neither the claimant's application nor the award given is in question here. The award given covers the period during which the medical services were rendered. It follows therefore that payment for the medical services in question is not barred by the time limitation on applications provided in Section 4123.84, Revised Code, nor on back awards provided in Section 4123.52, Revised Code. It is thus apparent that the commission has the statutory authority to make the payment. See in particular Section 4123.66, Revised Code.

The basic issue in this court is the validity of Rule 6 and whether that rule denies or unreasonably restricts any right of the claimant.

Section 4123.66, Revised Code, provides in part as follows:

"In addition to the compensation provided for in Sections 4123.01 to 4123.94, inclusive, of the Revised Code, the Industrial Commission shall disburse and pay from the state insurance fund such amounts for medical, nurse, and hospital services and medicine as it deems proper * * *. The commission may adopt rules and regulations with respect to furnishing medical, nurse, and hospital service and medicine to injured or disabled employees entitled thereto, and for the payment therefor * * *."

In its earlier forms, the statute contained a dollar limitation. The commission could exceed the limitation by a unanimous vote where it was "clearly shown that the actually necessary medical, nurse and hospital services and medicine exceed the amount * * *." Section 1465-89, General Code. The granting of any amount in excess of the dollar limitation was discretionary. *State, ex rel. Jeffrey,* v. *Industrial Commission* (1955), 164 Ohio St., 366; *State, ex rel. Ramsey,* v. *Industrial Commission* (1942), 140 Ohio St., 246.

The determination of medical expenses involves a number

of difficulties that do not arise, at least as acutely, in the determination of disability benefits for lost wages. Questions may arise on the nature, causal relationship, need and reasonable value of the services rendered. The discretion granted the commission by the statute appears to reflect the difficulty of developing a satisfactory formula for medical awards. Expenses or debts incurred by a claimant for reasonable medical services resulting from his injury obviously constitute a pecuniary loss to the claimant just as does a loss of wages. However, unlike the basic concept of common-law tort, the Workmen's Compensation Act in general, and this statute in particular, do not contemplate full recovery of all pecuniary losses. In view of these considerations, and the interpretation of earlier versions, we believe the present statute gives the commission discretion not only to determine causal relationship, value and similar questions, but also to determine the total amount of medical award to be made for *all* medical services. In this connection the dollar limitations in earlier versions of the statute are particularly significant.

The claimant here received *some* allowance for medical expenses. To show a denial of his statutory right in this strict sense, it would be necessary to show not only that he received certain services related to his injury, that they were necessary, and that the charge was reasonable, but also that the *total amount* allowed by the commission for *all* medical services was unreasonable. The operation of Rule 6 does not on its face necessarily give such a result, and the claimant has not attempted to establish such facts in this case.

Turning to the general operation of the rule, it requires that "fee bills" be filed. It may be noted that either the claimant or, as here, the creditor-doctor may file the bill. The commission's choice of the word "bill" is perhaps unfortunate. If a claimant, after reasonable diligence, was unable to obtain a billing but provided the commission with a statement to his best information of the nature, date, and person rendering services, a literal application of the "bill" requirement would seem questionable. It would be dubious for the commission to penalize a claimant, who has acted diligently to protect his interest, because of the dereliction of a third party. But, the rule does not, on its face, so operate. A claimant may himself file the

bills together with his application on the injury claim, and can fully protect his interest for the entire statutory period of two years from date of filing. The rule, by setting a limitation of two years from date of *services*, will usually *extend* the filing time for medical services, but never reduce the time. For example, if a claimant is injured January 1, 1956, he must file his claim application within two years. Section 4123.84, Revised Code. The commission may award benefits for a two-year back period from date of filing. Section 4123.52, Revised Code. If a claimant files on the last day of the statutory period, he can fully protect his interest in a medical award by attaching to the application bills for all previously rendered services. The period of time under Rule 6, and the statutory back-award period, under Section 4123.52, Revised Code, would at least coincide. Under the rule he has an additional time to file bills for medical services equal to the difference between the date of injury and the date of services.

It would appear that in the present case, the claimant lost part of his possible medical award because he relied upon the creditor-doctor to file for him, and the doctor did not do so within the rule. The possible bad feature of the rule would not appear to be the rule itself, but rather the practices which may arise by permitting direct filing by creditors. Quite humanly, a claimant may tend to rely upon the doctor to file for him. If the commission has winked at its own rule in the past, it has encouraged claimants to so shift the responsibility to the doctors, and perhaps mislead the claimants. Direct filing (as opposed to direct payment) by doctors and other creditors may not be a wise administrative practice considering human nature and the lack of legal representation of claimants in uncontested cases.

The rule can be criticized for its lack of explicit notice to claimants that the primary responsibility for filing rests upon them. The commission can be criticized if its enforcement policies have not been uniform, and it has thereby misled claimants. However, such criticisms, if valid, do not make the rule itself unreasonable.

The judgment of the Common Pleas Court is affirmed.

*Judgment affirmed.*

BRYANT, J., concurs.

Duffy, J., dissenting. In as much as an application of the claimant for the payment of compensation is not in question, and the Industrial Commission did allow and award compensation to the claimant, after proper application by her, for the period of time covered by the doctor's fee bill, I do not feel that Section 4123.52, Revised Code, governs the payment of the medical bills in this claim.

As provided in Section 4123.66, Revised Code, as amended, the Industrial Commission has the power to make rules governing the payment for medical services so long as the rules are reasonable.

If payment to the doctor was the only question involved we would have no difficulty in saying that the rule was reasonable, but in as much as the services were contracted for by the patient the liability for suit on account of nonpayment exists for at least six years from the date of rendition of the services, and although the Industrial Commission refuses to pay this fee bill because the doctor did not submit the bill in accordance with their rules, the doctor still has a cause of action against the patient. (See Section 2305.07, Revised Code.)

Section 4123.95 of the Revised Code requires that the workmen's compensation law be liberally construed in favor of the employees, and the reasonableness of any rule of the administrator or the Industrial Commission should be determined by the effect it has upon the injured employees whose claims have been allowed under the provisions of the workmen's compensation law. It is apparent that the charges for medical services are paid directly by the commission to the doctors, after the submission of fee bills by the doctors to the commission, without any necessary participation in their presentation by the claimants or injured employees. Since the rule of the commission does not relieve the employee of the payment of these medical bills, and the commission had previously provided that compensation, which includes payment of medical services, be paid during the period in which the medical services were provided, we believe this rule of the commission, when viewed from the standpoint of the claimant or injured employee, imposes a hardship upon him over which he has no control and is, therefore, unreasonable.

The judgment of the Court of Common Pleas should be reversed and judgment entered for the claimant.