THOMPSON, ADMX., APPELLANT, *v.* OHIO FUEL GAS CO., APPELLEE.

(No. 7889—Decided August 22, 1967.)

*Mr. Nelson Lancione,* for appellant.
*Messrs. Wright, Harlor, Morris, Arnold & Glander, Mr. Rudolph Janata, Jr.,* and *Mr. Roger F. Strauss,* for appellee.

DUFFEY, P. J. This is an appeal from a judgment of the Common Pleas Court of Franklin County against the appellant entered upon a directed verdict. The judgment was affirmed by this court in a divided vote. Upon a further appeal, the Supreme Court upheld appellant's first assignment of error relating to the granting of the directed verdict. It reversed and remanded to this court for consideration of appellant's second assignment of error. 9 Ohio St. 2d 116.

In his second assignment, appellant complains of the court's

exclusion from evidence of bills for medical, hospital, nursing services, etc., paid by the Industrial Commission in connection with an award to appellant under the Ohio Workmen's Compensation Act. In a preliminary hearing, the court ruled that it would not permit any testimony concerning, nor admit into evidence, such bills. The ruling was intended to, and effectively did, prevent appellant from recovering the reasonable value of medical, hospital and nursing care he received. The court stated that "the ordinary collateral sources rule does not apply for the reason that nothing was purchased in this case by way of insurance either by the plaintiff or plaintiff's decedent."

In *Luft* v. *Young, Admr.* (1961), 114 Ohio App. 73, this court considered the law with respect to medical payments under the Workmen's Compensation Act. Direct payment to a doctor or other person for medical care rendered a claimant under the Act does *not* imply or create a legal relationship between the bureau and the person so paid. The services are rendered to and are the legal obligation of the patient. Direct payment of such medical expenses is simply a discretionary method by which the commission may discharge the award it made to the claimant for his medical expenses. It can and frequently does pay the claimant himself as a reimbursement for medical expenses. However, whether the commission chooses to pay money to the claimant, or chooses to discharge the claimant's obligation by a direct payment to the creditor-doctor, the sole legal recourse of the doctor is against his patient.

In *Levy* v. *Coon* (1964), 11 Ohio App. 2d 200, this court considered the application of the collateral source doctrine to workmen's compensation awards. Judge Troop reviewed the Ohio authorities and flatly held that such awards do fall within the collateral source doctrine. We see no reason to permit the defendant to benefit from payments derived from a fund created for the benefit of the injured person. The problem of such double payment can readily be resolved. The General Assembly, through a statutory grant to the commission of the right of subrogation, can provide for reimbursement of the state fund from any judgment against the defendant. It has never chosen to do so.

The trial court erred in excluding evidence of medical ex-

penses which had been paid by the Industrial Commission. Such charges may be proved to the same extent and for the same purposes as other medical expenses.

Pursuant to the mandate of the Supreme Court as to the first assignment of error, the judgment of the Common Pleas Court will be reversed and the cause remanded for further proceedings.

*Judgment reversed.*

TROOP and DUFFY, JJ., concur.