{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Alan Stuart d.b.a Emergency Equipment appeals the judgment of the Jefferson County Court of Common Pleas granting default judgment in favor of the Plaintiffs-Appellees, Mt. Pleasant Volunteer Fire Department in the amount of $47,000. The issues we must resolve are: 1) whether Stuart's failure to timely respond to the complaint constituted excusable neglect; 2) whether Stuart should have been granted a continuance to prepare for a hearing on damages; and, 3) whether the judgment in this case was against the manifest weight of the evidence. Because we conclude Stuart's neglect was inexcusable, the trial court properly denied him a continuance. However, we also conclude there was insufficient evidence to support the award of damages, and reverse in part the judgment of the trial court and remand this case solely for a hearing on damages.
 {¶ 2} On September 23, 1997, the Village of Mt. Pleasant entered into a contract on behalf of the Fire Department with Stuart for the purchase and construction of a fire truck. A down payment in the amount of $50,000 was made by the Fire Department with the balance of $50,000 due upon completion of the truck. The Fire Department grew increasingly impatient as three years passed since the parties entered the original agreement and a truck had not been delivered. After the Fire Department made several demands for either the truck or the return of its deposit, it filed a complaint for both replevin and breach of contract.
 {¶ 3} On February 23, 2001, the Fire Department filed an order of possession by demanding the fire truck be delivered to it. On February 26, 2001, Stuart was served with the Summons and Complaint requesting damages. Soon after, the Fire Department took possession of the truck. On March 27, 2001, the Fire Department moved for default judgment as Stuart failed to answer. Finally, Stuart responded on April 6, 2001 by filing a motion for leave to plead which the trial court later overruled.
 {¶ 4} On April 9, 2001, the trial court heard both the Fire Department's motion for default judgment and the issue of damages. Stuart was not present at the hearing although counsel appeared on his behalf. At the close of the hearing, judgment was entered against Stuart in the amount of $47,000. It is from that judgment Stuart now appeals.
 {¶ 5} As his first assignment of error, Stuart asserts:
 {¶ 6} "The trial court committed prejudicial error by over-ruling Defendant's Motion for Leave to Plead or Defend which amounted to an abuse of discretion."
 {¶ 7} Stuart argues the trial court abused its discretion when it overruled his motion for leave to plead filed six weeks after service of the complaint. Pursuant to Civ.R. 12,"the defendant shall serve his answer within twenty-eight days after service of the summons and complaint upon him." As Stuart failed to meet this deadline, the Fire Department duly moved for default judgment.
 {¶ 8} By asking for leave to plead after the twenty-eight day deadline, Stuart was required to comply with the mandates of Civ.R. 6 (B)(2). This rule allows for an extension of time to file a late pleading within the trial court's discretion "upon motion made after the expiration of the specified period * * * where the failure to act was the result of excusable neglect." Id. A ruling by the trial court on such a motion will be upheld absent an abuse of discretion. Marion Prod. CreditAssn. v. Cochran (1988), 40 Ohio St.3d 265, 271, 533 N.E.2d 325; Millerv. Lint (1980), 62 Ohio St.2d 209, 16 OBR 244, 404 N.E.2d 752.
 {¶ 9} In the present case, Stuart bases his claim of excusable neglect on the exceptional length of the complaint which he claimed to be fifty-four pages. The trial court denied his motion stating the following:
 {¶ 10} "This is the second civil case I've had with Mr. Stuart. In the first civil case I went through the same thing, continuing it, scheduling a hearing, extending it and ultimately ended up entertaining a motion by his attorney to relieve that attorney because he didn't pay the attorney in full or didn't cooperate with him in other regards and it just delayed and delayed and delayed. I don't know if there were any damages to the plaintiff in that case as a result of it. I know that Mr. Stuart has been criminally prosecuted for actions relating to these fire trucks, at least one other case. And I don't see any reason for delay. Normally I go ahead and grant counsel leave and everything but in this case I think Mr. Stuart's track record is such that I'm not so sure the interests of justice require to give him an additional extension of time."
 {¶ 11} As this Court has previously held, even though the trial court stated an erroneous legal basis for its judgment, a reviewing court will affirm the decision if it is legally correct for other reasons.Locke v. Locke, 7th Dist. No. 00CO10, 2001-Ohio-3398 citing Perry v.Gen. Motors Corp. (1996), 113 Ohio App.3d 318, 324. See also State exrel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 628 N.E.2d 1377 citingMyers v. Garson (1993), 66 Ohio St.3d 610, 614-615, 614 N.E.2d 742; Joycev. Gen. Motors Corp.(1990), 49 Ohio St.3d 93, 96, 551 N.E.2d 172. Stateex rel. Carter v. Schotten (1994), 70 Ohio St.3d 89, 637 N.E.2d 306. Thus, when a trial court has stated an erroneous basis for its judgment, an appellate court must affirm the judgment if it is legally correct on other grounds, if it achieves the right result for the wrong reason, because such an error is not prejudicial. Newcomb v. Dredge (1957),105 Ohio App. 417, 424, 152 N.E.2d 801; State v. Payton (1997),124 Ohio App.3d 552, 557, 706 N.E.2d 842.
 {¶ 12} Although it may appear the trial court arbitrarily denied Stuart's motion, as we shall see, it did not abuse its discretion. The Ohio Supreme Court stated in Cochran the movant must first establish excusable neglect as required by Civ.R. 6(B)(2). Without this showing, the trial court is precluded from granting leave to plead out of rule. Thus, we must first determine whether Stuart has demonstrated excusable neglect.
 {¶ 13} In determining whether neglect is excusable or inexcusable, we must take into consideration all the surrounding facts and circumstances. Griffey v. Rajan (1987), 33 Ohio St.3d 75,514 N.E.2d 1122, syllabus. Under Civ.R. 6(B)(2), a party's inaction which can be labeled as a "complete disregard for the judicial system" constitutes inexcusable neglect. GTE Automatic Elec., Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, 153, 1 O.O.3d 86,351 N.E.2d 113. Likewise, conduct falling "substantially below what is reasonable under the circumstances" constitutes inexcusable neglect. Id. at 152.
 {¶ 14} As the Fourth District explained in Vanest v. PillsburyCo. (1997), 124 Ohio App.3d 525, 706 N.E.2d 825, AThe cases generally suggest that if the party or his attorney could have controlled or guarded against the happening of the special or unusual circumstance, the neglect is not excusable. * * * Finally, the demands of being a busy lawyer or of being preoccupied with other litigation generally do not constitute excusable neglect." (Footnotes omitted) Vanest at 536-537. InVanest, the appellant's attorneys alleged they failed to read the trial court's notice due to their preoccupation with another case. The Vanest
court could find no special or unusual circumstances to support a finding of excusable neglect explaining that the appellant received actual notice of the non-oral hearing date. Therefore, the attorneys' failure to read the notice and request additional time within which to respond was properly classified as "mere neglect" as opposed to excusable neglect. Id. at 538.
 {¶ 15} This court has previously taken the Vanest logic a step further, finding the total lack of legal representation does not render neglect excusable where the appellant asserted he lacked funds needed to hire an attorney. Rudloff v. Rudloff (Aug. 26, 1999), 7th Dist. No. 96 CA 60; see also Talikka v. Namey (Aug. 9, 1996), 11th Dist. No. 95-A-0066;Associated Estates Corp. v. Fellows (1983), 11 Ohio App.3d 112, 40 O.O.2d 374, 463 N.E.2d 417.
 {¶ 16} In the present case, Stuart explained his inaction was due to the last minute retention of counsel and burdensome length of the complaint. We note, however, it is two pages long with several attached exhibits. As Stuart's counsel asserts he needed additional time to respond, his remedy was to request leave prior to the lapsing of the answer period. Vanest. Consistent with the above case law, counsel has not established excusable neglect as contemplated by Civ.R. 6(B)(2). Because we conclude there was no showing of excusable neglect, the trial court did not abuse its discretion by denying Stuart leave to plead. Given these facts, it would have been an abuse of discretion to grant Stuart leave. Stuart's first assignment of error is meritless.
 {¶ 17} As his second assignment of error, Stuart asserts:
 {¶ 18} "The trial court committed prejudicial error by over-ruling defendant's motion for a continuance of the hearing on the issue of damages which amounted to an abuse of discretion."
 {¶ 19} Stuart contends that from a reading of the complaint and the exhibits attached thereto, he could have concluded the Fire Department was seeking damages in the amount of $10,000. He admits he may have been willing to concede to a judgment in that amount rather than spend the time, effort, and money to litigate this issue. However, Stuart claims the amount prayed for in the complaint is much less than the $47,000 prayed for in the motion for default judgment arguing, A[a]n excessive judgment should not result from ambush or surprise."
 {¶ 20} Civ.R. 54(C) is controlling in this regard. "A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded the relief in the pleadings." Id.
 {¶ 21} The complaint in this case clearly seeks monetary damages in the amount of $50,000 in addition to possession of the fire truck. Stuart may be alluding to the affidavit of David Anderson, President of the Mt. Pleasant Fire Department, which places an approximate value of the fire truck at an amount less than $40,000. However, this does not lessen the amount of monetary damages prayed for by the Fire Department. It simply places an estimated value on the fire truck.
 {¶ 22} Alternatively, Stuart maintains the trial court erred by denying his motion to continue as he was not present and counsel was not prepared to contest the amount of damages. After commenting on Stuart's absence at the default hearing, the trial court denied counsel's request for a continuance stating:
 {¶ 23} "He's had this truck, he certainly should've had no problem in getting an appraisal on it. He rebuilds these trucks. He should have an idea as to what these trucks are worth. He could testify himself if he wants to but I'm going to order title to the plaintiff and-You're ready to go forward today on the motion? * * * Mr. Stuart should've been here. Motion for default — he should've been here. Let me go through my list and we'll take testimony on damages. Mr. Boothe, if you want to cross examine you're free to do so."
 {¶ 24} The grant or denial of a motion for a continuance is entrusted to the broad discretion of the trial judge. State v. Unger
(1981), 67 Ohio St.2d 65, 67. An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion. Id. "The term `abuse of discretion' connotes more than an error of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219, 5 OBR 481, 450 N.E.2d 1140.
 {¶ 25} Regarding Stuart's claim that counsel was not prepared to proceed, in both State v. Spirko (1991), 59 Ohio St.3d 1, 17,570 N.E.2d 229, and State v. Landrum (1990), 53 Ohio St.3d 107,559 N.E.2d 710, the Ohio Supreme Court found the trial court did not abuse its discretion in denying a continuance despite counsel's claims that they needed more time to prepare. Likewise, the trial court properly denied Stuart's motion on this basis.
 {¶ 26} Regarding Stuart's claim that his absence from the hearing warranted a continuance, the Supreme Court set forth the relevant factors a trial court should review when determining whether a sufficient ground for a continuance based upon the absence of a party exists. State, exrel. Buck v. McCabe (1942), 140 Ohio St. 535, 24 O.O. 552, 45 N.E.2d 763. The McCabe court held: "To constitute a sufficient ground for a continuance because of the absence of a party it must appear that the absence is unavoidable, and not voluntary; that his presence at the trial is necessary; that the application is made in good faith; and that he probably will be able to attend court at some reasonable future time." Id. at syllabus, para. 2. These factors are lacking in the instant case. Stuart was free to appear and contest the damages but chose not to.
 {¶ 27} The trial court did not abuse its discretion in denying the continuance and proceeding in Stuart's absence and contrary to counsel's request for more time to prepare. Nor does the amount sought via default judgment exceed the prayer for relief in the complaint. Stuart's second assignment of error is meritless.
 {¶ 28} For his third and final assignment of error, Stuart asserts:
 {¶ 29} "The judgment granted by the trial court should be set aside in that it was against the manifest weight of the evidence."
 {¶ 30} The assessment of damages is a matter within the province of the trier of fact. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279. When considering whether the judgment of the trial court is against the manifest weight of the evidence, it is important that the court of appeals be guided by a presumption that the findings of the trier of fact are correct. Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77. The weight to be given the evidence as well as the credibility of the witnesses are primarily for the trier of fact. Statev. DeHass (1967), 10 Ohio St.2d 230.
 {¶ 31} Stuart argues the trial court rendered judgment based upon hearsay evidence presented at the hearing on damages. More specifically, Stuart contends the only witness to testify on behalf of the Fire Department was Anderson, a witness lacking personal knowledge of the value of the fire truck. Although Stuart did not timely object to the introduction of Anderson's testimony, we note the trial court did sustain his objection to an expert report being admitted into evidence as it was improper hearsay. Importantly, Stuart does not assign as error the fact that the hearsay was admitted into evidence, but instead maintains it was error for the trial court to base its entire decision regarding damages on double hearsay. Therefore, we will not bar him from raising the inherent unreliability of hearsay when challenging the weight of the evidence.
 {¶ 32} Anderson initially estimated the value of the fire truck at approximately $40,000, as shown by his affidavit. Notably, Anderson testified at trial he had since changed his mind as to the value of the fire truck and an appraisal had since been completed by J.C. Moore Industries valuing the fire truck at approximately $3,000. This expert report was never authenticated nor was it entered into evidence.
 {¶ 33} Generally, an expert's report not properly authenticated is inadmissible. Collins v. Collins (Feb. 7, 1991), 8th Dist. No. 58035. The record before us does not indicate the expert that produced the appraisal report was unavailable. Accordingly, neither Evid.R. 804 nor the twenty-two classes of exceptions set forth in Evid.R. 803 apply to this report. Thus, pursuant to the rules of evidence, the trial court properly deemed the report to be inadmissible hearsay. See Worthington CitySchools v. ABCO Insulation (1992), 84 Ohio App.3d 144, 151.
 {¶ 34} As stated in Beavercreek Local Schools v. Basic, Inc. (1991), 71 Ohio App.3d 669, 676, 595 N.E.2d 360: "Hearsay testimony does not afford the opposing party an opportunity to confront and to cross-examine the out-of-court declarant, thereby depriving the party of the `guaranty of truthfulness resulting from the oath of [the] declarant.' Furthermore, the opportunity to test the accuracy of the declarant's observations is not present when hearsay statements are admitted into evidence. Potter v. Baker (1955), 162 Ohio St. 488, 494, 55 O.O. 389, 392, 124 N.E.2d 140, 144. Therefore, hearsay statements generally lack indicia of reliability to the hearsay rule."
 {¶ 35} Following this logic, we conclude the evidence relied upon by the trial court in this case was wholly unreliable. Not only was there little or no testimony which would connect the appraisal to the fire truck at issue, there was simply no foundation laid by the Fire Department with regard to the report. Moreover, the trial court had no way of knowing upon what the appraiser based his opinion. Not only were there no specific calculations mentioned at the hearing, the actual report was excluded from evidence.
 {¶ 36} We are also troubled by the fact that the only witness to testify as to the value of the fire truck apparently had no real personal knowledge regarding the value of the truck. Evid.R. 602, which deals with the personal knowledge of a witness, provides: "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the testimony of the witness himself. This rule is subject to the provisions of Rule 703, relating to opinion testimony by expert witnesses." Id.
 {¶ 37} Assuming arguendo Anderson was qualified to testify as an expert in this case as he has "extensive knowledge" regarding this type of fire truck, pursuant to Evid.R. 703, facts or data upon which an expert bases an opinion must be those perceived by him or admitted into evidence at the hearing. State v. Jones (1984), 9 Ohio St.3d 123,459 N.E.2d 526. Anderson's testimony fails to satisfy either of these requirements.
 {¶ 38} Anderson testified he had examined "before and after" photographs which, significantly, were not made part of the record. From looking at these pictures, Anderson claimed it was apparent the fire truck had parts removed since his original valuation. Anderson further testified the truck was not running when the Fire Department regained possession. He stated all the Fire Department received was "simply a special duty chassis." However, when Anderson had initially valued the fire truck at $40,000 he had no knowledge of whether the truck was running. In fact, Anderson had never viewed the truck. Consequently, it is quite difficult to discern upon what Anderson based his original estimate as he had not viewed the fire truck.
 {¶ 39} The trial court based its judgment upon the testimony of a witness who was incompetent to testify as he had no personal knowledge of the appraisal, and an expert report which was never authenticated and never entered into evidence. There was absolutely no competent credible evidence to support the trial court's findings. Stuart's third assignment of error is meritorious.
 {¶ 40} In conclusion, the trial court did not abuse its discretion when it denied Stuart leave to plead, nor when it refused to continue the damages hearing. However, the damage award was against the manifest weight of the evidence. Accordingly, the decision of the trial court is affirmed in part, reversed in part, and we remand this matter for a rehearing on the issue of damages.
Vukovich, P.J., concurring in part, dissenting in part with opinion.
Waite, J., concurs.