[No. 14389. Department One. — February 10, 1892.]

## D. S. COHN, Respondent, *v.* D. BROWNSTONE, Appellant.

Continuance — Absence of Defendant — Evidence Irrelevant to Issues — Admission of Pleadings. — In an action for work and labor, where the answer of the defendant does not deny that the plaintiff worked for the defendant at the latter's request, a motion by the defendant's counsel for a continuance, owing to the compelled absence of the defendant, upon an affidavit alleging that the defendant would testify in his own behalf that he never employed the plaintiff, and that the plaintiff never worked for him, is properly denied, upon the ground that the proposed testimony is irrelevant to any issue in the case.

Id. — Insufficient Affidavit — Compulsory Absence — Diligence. — An affidavit for continuance by one of defendant's counsel does not sufficiently show the compulsory absence of the defendant, or due diligence in attempting to obtain his evidence, where it merely states that the defendant was compelled to leave the county because of threats and an attempt to kill him; that his whereabouts were not known to his attorneys long enough before the time appointed for trial to procure his deposition; that affiant telegraphed him upon learning of his whereabouts, and that defendant replied that it was impossible for him to come, but does not state that the defendant remained away *for fear of being killed*, nor show any reason why the law would not have been executed so as to protect him, nor state the time when his whereabouts were first learned, or when the telegram and reply were received, nor show that any steps had been taken to procure his deposition.

Appeal from a judgment of the Superior court of Tulare County, and from an order denying a new trial.

The facts are stated in the opinion.

*Justin Jacobs,* and *W. A. Gray,* for Appellant.

The facts stated in the affidavit were sufficient to require the granting of a continuance. (See *Ross* v. *Austill,* 2 Cal. 183; *Polk* v. *Coffin,* 9 Cal. 58; *Hastings* v. *Hastings,* 31 Cal. 95.)

*N. O. Bradley,* for Respondent.

The motion for a continuance was properly denied, as there was no showing therein of due diligence. (*Lezinsky* v. *White,* 45 Cal. 278; *People* v. *Ashnauer,* 47 Cal. 98.) The absence of evidence is no cause for a continuance, unless reasonable diligence has been used to procure it. (*Kuhland* v. *Sedgwick,* 17 Cal. 128; *Frank* v. *Brady,* 8 Cal. 48; *Pierson* v. *Holbrook,* 2 Cal. 598.) A judgment will not be reversed because the court refuses to grant a continuance, if there is no abuse of discretion on the part of the court in denying the motion. (*Harper* v. *Lamping,* 33 Cal. 641; *Cary* v. *Petroleum Co.,* 33 Cal. 694; *Wilkinson* v. *Parrott,* 32 Cal. 102; *People* v. *Gaunt,* 23 Cal. 156.) The granting or refusing a continuance rests in the sound discretion of the court below, and its ruling will not be revised, except where it abuses such discretion. (*Musgrove* v. *Perkins,* 9 Cal. 212; *Griffin* v. *Polhemus,* 20 Cal. 181; *Kneebone* v. *Kneebone,* 83 Cal. 647.)

Vanclief, C. — Action for work and labor, in which defendant denies his indebtedness to plaintiff without denying the services alleged, and pleads a counterclaim.

Judgment for plaintiff in the sum of nine hundred dollars, from which, and an order denying his motion for a new trial, the defendant appeals.

Did the court err in denying defendant's motion for a postponement of the trial? is the only question presented for decision.

On the sixth day of January, 1890, the cause was set for trial on the twenty-third day of the same month, of which counsel for defendant had due notice. Accordingly, the cause was called for trial on January 23, 1890, whereupon counsel for defendant moved for a postponement of the trial upon the following affidavit: —

"Justin Jacobs, being duly sworn, says he is one of the attorneys for the defendant above named; that defendant cannot at this time safely proceed to trial, for want of material testimony, which he expects to be able to produce if this case can be postponed for a reasonable time; that said testimony is the testimony of defendant himself, who, as affiant is informed and believes, will testify that he never employed plaintiff at all, and that plaintiff never worked for defendant; that defendant is, and for some months has been, absent from this county, and cannot at present, with safety to himself, return; that, as affiant is informed and believes, defendant was compelled to leave said county to save his life; that just prior to his leaving said county, as affiant is informed and believes, one Lucy A. Follett, of said county, attempted to kill said defendant by firing a pistol at his head, and she has since, as affiant is informed and believes, threatened to kill defendant should he return to this county, and is continually watching for him for that purpose; that defendant, as affiant is informed and believes, is at Eureka, Humboldt County, in this state, but his attorneys have not known of his whereabouts long enough to procure his deposition to be used at this trial; that as soon as affiant learned the whereabouts of defendant he telegraphed him the day set for trial, and telling him to be here; that affiant received a telegram in response, saying that it was impossible for him to be here; that if a reasonable postponement can be had, defendant's deposition can be procured; that, as affiant is informed and believes, the facts he expects to prove by defendant cannot be proved by any other person; that this proposed continuance is not asked for delay merely, but that justice may be done in the premises; that defendant has fully and fairly stated the facts constituting his defense to affiant, as affiant is informed and believes, and is advised by affiant that he has, in affiant's opinion, a good and valid defense to said action on the merits thereof.

"JUSTIN JACOBS."

That there was no abuse of discretion in denying the motion seems too plain to require argument.

1. The proposed testimony of the witness is irrelevant to any issue, since the answer of the defendant does not deny that plaintiff worked for defendant at the latter's request.

2. The affidavit does not state, even on information or belief, that defendant remains absent from the county because he fears, or has reason to fear, that he will be killed or injured if he should return.

3. The affidavit does not state when affiant first learned the "whereabouts" of the defendant, nor when he telegraphed defendant, nor when defendant answered his telegram, nor that any steps have been taken to procure the deposition of the defendant.

4. The law, if executed, would have protected the defendant from the assaults of the woman named, and no reason is shown why the law would not have been executed at his instance.

I think the judgment and order should be affirmed.

Fitzgerald, C., and Foote, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.