Hast, J.
 

 The question presented to this court is-whether the Court of Appeals erred in sustaining the-demurrer to plaintiff’s amended petition. More specifically, the question may be stated as follows: Granting that all the facts stated in plaintiff’s amended petition are true, was the Court of Appeals required to-issue a writ of mandamus to the trial court in plaintiff’s personal injury suit, requiring that court to vacate and set aside its order theretofore made staying-the proceedings in the personal injury action for the-period during which William E. Pollock is actively engaged in the military service of the Dominion off Canada, in the military service of the United States orín the military service of any ally of the United States in the present world war, and to proceed forthwith to assign the cause for trial, on the ground that the-judge' issuing such order had abused his discretion in. making it?
 

 The plaintiff takes the position that under the Constitution of the United States and the Constitution, and statutes of Ohio, he is entitled to have his action proceed according to due course of law without denial or delay, and that the order of the trial court has denied him these rights.
 

 A court has supervisory power and control over its-docket. Independent of statute, as an incident to their-authority to hear and determine causes, courts have power to grant continuances. Granting or refusing-to grant a motion for continuance rests within the sound discretion of the court.
 
 Loeffner
 
 v.
 
 State,
 
 10 Ohio St., 598:
 
 Hoff
 
 v.
 
 Fisher,
 
 26 Ohio St., 7;
 
 Cochrane
 
 v.
 
 State,
 
 30 Ohio St., 61;
 
 Diebold
 
 v.
 
 Powell,
 
 32 Ohio St., 173; 17 Corpus Juris Secundum, 191, Section 5. Hence-
 
 *538
 
 •an appellate court will not interfere with the exercise ■of this discretion unless the action of the court is plainly erroneous and constitutes a clear abuse of discretion.
 
 Norton
 
 v.
 
 Norton,
 
 111 Ohio St., 262, 145 N. E., 253;
 
 Leinbach
 
 v.
 
 Pickwick-Greyhound Lines,
 
 138 Kan., 50, 23 P. (2d), 449, 92 A. L. R., 1.
 

 The basis for a continuance of an action rests upon •the right of a party to have a reasonable opportunity ■to be present at the trial of his cause upon the merits, •but without unnecessary delay. 9 Ohio Jurisprudence, 205, Section 10. Unreasonable delays cannot be tolerated and continuances must be justified by the circumstances of the case. However, courts have been liberal in continuing a cause when to do otherwise would deny a litigant his day in court. To constitute a sufficient ground for a continuance because of the absence of a party it must appear that the absence is ■unavoidable, and not voluntary; that his presence at the trial is necessary; that the application is made in ■good faith; and that he probably will be able to attend •court at some reasonable future time. 17 Corpus J uris Secundum, 210, Section 27.
 

 To authorize or justify a continuance on the ground •of the enforced absence of a party, it must be made to appear that he is a competent and material witness.
 
 Cohn
 
 v.
 
 Brownstone,
 
 93 Cal., 362, 28 P., 953. And where a defendant himself is the actor in alleged tortious conduct which is made the basis of an action against him, his presence at the trial usually becomes necessary to his defense, and that fact should be taken into consideration by the court in passing upon his application for a continuance until he may be able to appear in person for trial.
 

 While the inability of a party to be present at the trial because engaged in foreign military service does not, as a matter of right, entitle him to a continuance,
 
 *539
 
 yet the court may, in its discretion, grant a continuance for that reason.
 
 Elliott
 
 v.
 
 Lawson,
 
 87 Ore., 450, 170 P., 925;
 
 Vaughn
 
 v.
 
 Charpiot
 
 (Tex.), 213 S. W., 950; 17 Corpus Juris Secundum, 215, Section 30.
 

 The exigencies of war bring disturbance and inconveniences to litigants as well as to persons of other groups, and it is the function of the law to alleviate or remedy such inconveniences so far as possible, and to balance those which cannot be so remedied. To this end it is the duty of the courts at all times to control their dockets in the interests of justice to all.
 

 Although the defendant is enlisted in the military service of the Dominion of Canada, an ally of the United States in the world war, and not in the military service of the enemy, he is entitled to the same consideration as though he were abroad in the military service of the United States.
 

 The Soldiers’ and Sailors’ Civil Belief Act of 1940, Title 50, Section 521, U. S. Code, provides that:
 

 “At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within 60 days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service.”
 

 While this act does not apply to the defendant because he is not in the military service of the United States, nevertheless it would appear that such act is but declaratory of the common law, except insofar as it requires the courts to grant continuances, and may be considered in determining the rights of the defendant under the circumstances of this case.
 

 
 *540
 
 The plaintiff insists that the court abused its discretion in granting a broad and sweeping order of continuance without attaching any conditions or limitations which would protect the rights of the plaintiff. ■Specifically, the plaintiff complains that all proceedings in the case are indefinitely suspended, the effect ■of which may be to prejudice or destroy rights of the plaintiff in the interim.
 

 As this court views it, these matters which may become important during the interim of continuance are not now before this court. This court is limited to the consideration of the relief sought by the prayer of the petition, which is that the order be set aside and that the case be set down immediately for trial. The trial court has continuing jurisdiction of this matter .and may at any time revoke or modify the order for reasonable cause shown, or may attach such limitations as may seem, from time to time, to be necessary .and proper.
 
 Royster
 
 v.
 
 Lederle, U. S. District Judge,
 
 128 F. (2d), 197, 201.
 

 These are matters within the sound discretion of the ■court. Under the circumstances of the instant case, this court cannot say that the defendant trial court .abused its discretion in making the order of which the plaintiff complains. The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, Williams, Matthias and Eimmerman, JJ., concur.
 

 Bell, J., not participating.