OPINION
This is an appeal of a judgment of the Lake County Court of Common Pleas, Juvenile Division, granting the motion of appellee, Amy Cara Molls, to change her minor child's name from Hayley Luella Molls to Hayley Luella McPherson-Lichterman. The court subsequently stayed its order pending this appeal.
Appellant, Aaron Lichterman, and appellee were engaged in a relationship from September 1997 to October 1999. During the course of this relationship, appellee gave birth to a daughter, Hayley. In October of 1999, appellee moved out of the couple's apartment, taking Hayley with her. While appellee and Hayley resided with appellant, appellant cared for the child.
After leaving appellant, appellee moved in with her boyfriend, Michael McPherson ("McPherson"), whom she subsequently married. When she married McPherson, appellee changed her surname to McPherson. At the time of the trial, appellee was pregnant with the couple's child.
On January 4, 2000, appellant filed a complaint to establish the allocation of parental rights and responsibilities, requesting a shared parenting plan, and requesting that the court change Hayley's surname from Molls to Lichterman. Appellant and appellee eventually agreed to a shared parenting plan, but were unable to agree on the name change issue, so that was the only issue left for trial. The trial of the name change issue was set for September 15, 2000.
On the day of the trial, appellee filed a motion to change Hayley's surname to McPherson or, in the alternative, to Lichterman-McPherson. Appellant moved to strike the motion;, which the court denied appellant's motion to strike. Appellant then objected to proceeding on appellee's motion, arguing that he was not prepared to defend against appellee's motionit. The court sustained appellant's objection, and, sua sponte, continued the motions and the trial to November 1, 2000.
Following the trial, on November 15, 2000, the court issued a judgment entry determining that it was in Hayley's best interest that her surname be changed to McPherson-Lichterman.
From this judgment, appellant raises the following assignments of error:
 "[1.] The trial court erred as a matter of law and abused its discretion, to the prejudice of appellant, when the court ordered the surname change of the minor child to include a stepparent surname rather than changing the child's name to only that of her biological father."
 "[2.] The trial court abused its discretion to the prejudice of appellant when the court allowed the appellee to proceed on her motion for name change, even though the motion was filed on the date of final trial."
In his first assignment of error, appellant presents three issues for consideration. First, appellant argues that the trial court erred as a matter of law by concluding that it had the authority to change Hayley's surname to that of her stepfather. Second, appellant argues that the trial court abused its discretion by relying on speculative facts in reaching its decision. Third, appellant argues that the trial court abused its discretion by changing Hayley's name when no expert testimony was presented in support of the change. Each of these issues will be considered separately.
In appellant's first issue, he argues that, as a matter of law, when a court orders a name change for a child born out of wedlock, the court may only change the child's surname to the father's surname or the mother's maiden name. The court may not, appellant argues, change the child's name to the mother's married name, if she has remarried. Appellant alleges that doing so grants some sort of parental rights to the stepfather and interferes with his parental rights. Thus, appellant argues, the court erred by changing Hayley's surname to McPherson-Lichterman, rather than simply Lichterman.
There is no support for this position in either R.C. 2717.01 or in the case law interpreting it. Appellant's argument is premised on the contention that the court changed Hayley's surname to her stepfather's surname, and ignores the fact that, when the court made its ruling, McPherson was also appellee's surname. Nothing in the case law prevents a court from changing a child's surname to its mother's married name.
R.C. 2717.01 requires that reasonable and proper cause be shown before a court grants a name change. The Supreme Court of Ohio has stated that when determining whether a court is determining whether reasonable and proper cause has been established to change a child's name, it must consider the best interest of the child. In re Willhite (1999),85 Ohio St.3d 28, paragraph one of the syllabus. Additionally, the court held that, when determining whether a name change was is in the child's best interest, a court should consider the following factors:
 "[1.] the effect of the change on the preservation and development of the child's relationship with each parent;
 [2.] the identification of the child as a part of a family unit;
 [3.] the length of time that the child has used a surname;
 [4.] the preference of the child if the child is of sufficient maturity to express a meaningful preference;
 [5.] whether the child's surname is different from the surname of the child's residential parent;
 [6.] the embarrassment, discomfort, or inconvenience that may result when a child bears a surname different from the residential parent's;
 [7.] parental failure to maintain contact with and support of the child; and
 [8.] any other factor relevant to the child's best interest." Id. at paragraph two of the syllabus.
"An appellate court may only reverse a trial court's decision regarding a name change application if the trial court abused its discretion." Inre Name Change of Juntunen to Wagner (July 27, 2001), Trumbull App. No. 2000-T-0102, unreported, 2001 Ohio App. LEXIS 3353 at *5. Abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
The trial court, in making its decision, considered the Willhite
factors. It discussed at length the factors that applied to this case, and determined that it was in the best interest of the child to bear the surname of her mother and siblings as well as the surname of her father and his extended family. We cannot say that the court's decision was unreasonable, arbitrary or unconscionable. Thus, it was not error for the court to order that Hayley's surname be changed to McPherson-Lichterman.
Appellant also argues that the court abused its discretion by basing its decision on speculative facts. Appellant claims that the court's determination that Hayley would be living with her mother and siblings, who would all be named McPherson, is based on the speculation that appellee would remain married to McPherson. This argument is not well taken.
By their very nature, statements about the future and determinations of the best interest of a child in the future are speculative. This does not make such statements and determinations inappropriate for a court to consider when reaching a conclusion.
Appellee testified that she did not believe in divorce, and, if McPherson were to die, she would not change her surname. These statements are speculative, but they are no more speculative than appellant's assertions that appellee and her husband would soon be divorced. Even appellant's assertion that his name would always remain the same is speculative, as he could change his name at any time. Thus, the trial court did not abuse its discretion.
Lastly, appellant argues that the trial court abused its discretion by determining that Hayley's surname should be McPherson-Lichterman without expert testimony on the issue. Neither the statute nor case law requires expert testimony before a trial court can order a name change pursuant to R.C. 2717.01. Appellant's argument is not well taken.
Appellant's first assignment of error is without merit.
In appellant's second assignment of error, he argues that the trial court abused its discretion by permitting appellee to proceed on her motion for name change and by continuing the trial so that both motions could be considered together.
Appellant implies, but does not actually argue, that appellee should not have been permitted to move the court to change Hayley's surname because she waived the claim by failing to include it in her answer and counterclaim. A reading of R.C. 2717.01 fails to indicate any requirement that a motion for a name change must either be raised in the answer to a complaint for shared parenting or waived. In fact, under the plain language of the statute, appellee's motion could have been brought at any time before or after the trial. The court did not abuse its discretion by allowing appellee to file her motion on the day of trial.
Appellant also argues that the trial court abused its discretion by continuing the trial so that both motions could be considered at the same hearing. It has long been held that, as a part of a court's power to supervise its own docket, "[g]ranting or refusing to grant a motion for continuance rests within the sound discretion of the court." State exrel. Buck v. McCabe (1942), 140 Ohio St. 535, 537.
In the instant case, the trial court concluded that appellee's motion, made the day of trial, would not be heard that same day so that appellant could adequately prepare to contest the motion. Because that would mean the court would have two name change hearings, with the parties arguing the same issues and presenting nearly the same facts, the court continued the trial so the hearings could be combined into one. Considering the broad discretion that a court has over its docket, it was not an abuse of discretion for the trial court to continue the trial. Appellant's second assignment of error is without merit.
The trial judge has fully addressed the issues raised in this matter, and ideally compromises the conflicting preferences of the parties, tracking all the applicable factors set forth in Willhite, supra.
"[A] rose by any other name would smell as sweet." We are certain the love the parties have for this young lady will not be lessened by her new name. Although they have personal reasons to prefer another name, the one accepted by the court appears particularly reasonable, considering the social realities that exist and the child's best interest.
For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, Juvenile Division is affirmed.
O'NEILL, P.J., CHRISTLEY, J., concur.