DECISION
{¶ 1} Plaintiff-appellant, Michelle Peters, appeals from the June 16, 2003 judgment of the Franklin County Court of Common Pleas dismissing appellant's case with prejudice. For the reasons stated below, we reverse.
 {¶ 2} According to appellant's complaint, this controversy began on April 26, 1991 when appellant injured herself in the course of her employment with defendant-appellee Wendy's International, Inc. Appellant slipped on a wet floor and twisted her ankle. Appellant filed an Ohio Workers' Compensation claim, which was allowed as to dorsal, lumbar, and right ankle sprain; and cervical and dorsal strain/sprain.
 {¶ 3} On or about February 4, 2000, appellant filed an administrative motion requesting recognition of irregularity of the anterior talofibular ligament, irregularity of the anterior tib/fib ligament and thickening of the distal portion of the calcaneofibular ligament as additional conditions to her Ohio Workers' Compensation claim.
 {¶ 4} On March 31, 2000, the administrative motion was heard and denied by a district hearing officer of the Industrial Commission. Appellant appealed that decision to the staff hearing officer of the Industrial Commission.
 {¶ 5} In an order dated May 2, 2000, appellant's appeal was denied, and her claim for the requested additional conditions was disallowed. Appellant subsequently appealed the decision of the staff hearing officer to the Industrial Commission.
 {¶ 6} In an order dated May 17, 2000, and without a hearing, the Industrial Commission refused appellant's appeal and affirmed the disallowance of her claim for the requested additional conditions. Appellant timely filed a notice of appeal with the Franklin County Court of Common Pleas, on June 13, 2002. The case was set for hearing in the trial court on June 12, 2003.
 {¶ 7} On April 22, 2003, counsel for appellant was notified by appellant's mother that appellant had been involuntarily committed to the psychiatric ward of St. Elizabeth's medical center in Washington, D.C., after having had a psychiatric episode.
 {¶ 8} On May 7, 2003, appellant's attorney filed a Motion to Modify the Trial Assignment Date/Motion for Continuance, as appellant was not able to testify at her hearing, nor assist in the preparation of her case.
 {¶ 9} On May 14, 2003, the trial court denied appellant's motion for a continuance.
 {¶ 10} Subsequently, on June 10, 2003, appellant, through counsel, filed a Motion for Court Order to Dismiss Action Without Prejudice under Civ.R. 41(A)(2).
 {¶ 11} In an order filed June 16, 2003, the trial court denied the motion to dismiss without prejudice, instead dismissing the claim with prejudice. The court stated that appellant's attorney had "previously dismissed an action based on the same claim."
 {¶ 12} Appellant has appealed, assigning as error the following:
I. The trial court abused its discretion in denying the Plaintiff's Motion for Continuance when the Plaintiff was unable to appear and testify at her hearing due to involuntary confinement in a mental institution out of state.
II. The trial court abused its discretion in denying the Plaintiff's Motion for Voluntary Dismissal Without Prejudice when the Plaintiff was unable to appear and testify at her hearing due to involuntary confinement in a mental institution out of state.
 {¶ 13} In her first assignment of error, appellant argues the trial court abused its discretion when it denied appellant's motion for a continuance when appellant was unable to appear and testify at her hearing due to involuntary confinement in a mental institution out of state.
 {¶ 14} The Ohio Supreme Court has determined that a continuance is based on the right of a party to have her case heard upon the merits. State ex rel. Buck v. McCabe (1942),140 Ohio St. 535, 537. Granting or denying a continuance of a scheduled trial or hearing is within the discretion of the trial court. Id. Reversal should not occur unless the trial court abuses its discretion. Id. An abuse of discretion occurs where the trial court's attitude is unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 15} The United States Supreme Court, in Ungar v.Sarafite (1964), 376 U.S. 575, 589, 84 S.Ct. 841, 850 states "[t]here are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process." Instead, the court suggests the circumstances present in the case should be the determining factor. Id.
 {¶ 16} The Ohio Supreme Court, while agreeing with the United States Supreme Court that there are no hard and fast tests to be applied, instead suggests certain factors to be looked at when determining whether a motion for continuance should be granted.State v. Unger (1981), 67 Ohio St.2d 65, 67-68. There, the court felt the following factors should be considered:
[T]he length of the delay requested, whether other continuances have been requested and received, the inconvenience to litigants, witnesses, opposing counsel and the court, whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived, whether the defendant contributed to the circumstance which gives rise to the request for a continuance, and other relevant factors, depending on the unique facts of each case.
 {¶ 17} Applying the factors set forth from the Ohio Supreme Court in Unger to the case at hand, it is clear the trial court acted unreasonably in denying the request for a continuance. Here, appellant requested a continuance of at least 90 days. The length of delay requested by appellant was not unreasonable, and there was no reason to believe she would not be able to attend the later trial date. Additionally, the other party did not oppose the continuance request. It is without doubt that appellant was unable to attend her hearing due to her hospitalization in a psychiatric treatment center. In the same vein, appellant was also unable to render help to her counsel due to her involuntary confinement.
 {¶ 18} In Curtis v. Chiaramonte (1978), 53 Ohio St.2d 15, in a case very similar to the case at hand, the plaintiff moved for continuance on the basis of the plaintiff's physical condition, which included "emotional and cardiac problems," and was supported by an affidavit from her doctor. The trial court denied the continuance and dismissed with prejudice. The court of appeals found it was an abuse of discretion to dismiss the case with prejudice, and remanded the cause to the trial court. The Ohio Supreme Court affirmed the court of appeals' decision.
 {¶ 19} The Ohio Supreme Court, quoting Buck at 538, found that a continuance is proper for an absent party when "it must appear that the absence is unavoidable, and not voluntary * * * that the application is made in good faith; and that he probably will be able to attend court at some reasonable future time." Here, appellant's motion for a continuance was made in good faith and for legitimate reasons, as she was involuntarily detained in a psychiatric treatment center out of state. Clearly, appellant's reasons for wanting a continuance did not constitute a tactical advantage; she simply was unable to attend her hearing. However, it was foreseeable that appellant would be able to attend court at a future date.
 {¶ 20} Appellant's absence was unavoidable and should have constituted grounds for a continuance as set out by the factors in Unger. Accordingly, we hold the trial court abused its discretion in refusing to grant a continuance. Appellant's first assignment of error is well-taken and is sustained.
 {¶ 21} Having disposed of appellant's appeal in the first assignment of error, appellant's second assignment of error is moot.
 {¶ 22} Based on the foregoing, appellant's first assignment of error is sustained, the second assignment of error is rendered moot, and the judgment of the trial court is reversed and the matter remanded for further proceedings.
Judgment reversed and cause remanded.
Klatt, J., concurs.
Petree, J., concurs in judgment only.