OPINION
{¶ 1} This is an appeal by Dawn Sharp, mother of Jason Dulaney (D.O.B. 3/25/00) from the Court of Common Pleas of Stark County which granted permanent custody of such child to Stark County Department of Job and Family Services (SCDJFS).
 {¶ 2} This appeal is expedited and is being considered pursuant to App.R. 11.2.
 STATEMENT OF THE FACTS AND CASE {¶ 3} Due to concerns as to the mental health and homelessness of the mother, Jason was placed in the temporary custody of SCDJFS on July 30, 2003.
 {¶ 4} On August 26, 2003, he was found to be a neglected child.
 {¶ 5} He was returned to Dawn Sharp on March 24, 2005, under protective supervision, but approximately one month later he was placed with the agency with the concern again being the mental health of the mother and remained with SCDJFS thereafter, the total time with such agency as of the court's order being twelve or more months out of the preceding twenty-two months.
 {¶ 6} After a hearing on the Agency's Motion for permanent custody, at which Appellant mother was absent, the court made findings of fact and conclusions of law which supported the granting of the Motion.
 {¶ 7} Appellant raises two Assignments of Error.
 ASSIGNMENT OF ERROR {¶ 8} "I. THE TRIAL COURT ABUSED ITS DISCRETION AND VIOLATED APPELLANT'S DUE PROCESS RIGHTS BY FAILING TO GRANT APPELLANT A CONTINUANCE."
 {¶ 9} "II. THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE MINOR CHILDREN WOULD BE SERVED BY GRANTING PERMANENT CUSTODY TO SCDJFS IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I {¶ 10} The First Assignment addresses the denial of a continuance.
 {¶ 11} In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 12} The First Assignment addresses the denial of a continuance.
 {¶ 13} The grant or denial of a continuance is a matter that is entrusted to the broad, sound discretion of the trial court.State v. Unger (1981), 67 Ohio St.2d 65. In order to find an abuse of discretion, we must determine that the trial court's decision was reasonable, arbitrary or unconscionable and not merely an error of law or judgment as stated in Blakemore v.Blakemore, supra.
 {¶ 14} In determining whether a trial court abused its discretion in denying a motion for a continuance, an appellate court should consider the following factors: (1) the length of the delay requested; (2) whether other continuances have been requested and received; (3) the inconveniences to witnesses, opposing counsel and the court; (4) whether there is a legitimate reason for the continuance; (5) whether the defendant contributed to the circumstances giving rise to the need for the continuance; and other relevant factors, depending on the unique facts of each case. See: State v. Unger, supra; State v. Holmes (1987), 36 Ohio App.3d 44.
 {¶ 15} The record indicates that the following continuation request occurred at page 4 of the transcript:
 {¶ 16} "ATTY GUARDADO: Your Honor Kristen Guardado on behalf of Mother. Your Honor I've had frequent contacts with my client throughout the pendency of this entire case. I did speak with her this morning. Um she indicated to me that she thought that the hearing was yesterday afternoon and came to the court and they advised her it was today at 1:30. I spoke with her this morning and we discussed possibly stipulating to permanent custody and I indicated that we would have to talk about the form and some different information. Um she told me that she would be here. It is now almost two o'clock. She has not been present in the hall. I've called the hall several times. I would ask for a continuance based on the fact that um in my conversation with her this morning I thought that she would be present and she's not present today at this time. Thank you."
 {¶ 17} The brief of Appellant in this appeal recites that Appellant had a doctor's appointment which could not be rescheduled.
 {¶ 18} Our review on appeal is limited to those materials in the record which were before the trial court. See, State v.Ishmail (1978), 54 Ohio St.2d 4.
 {¶ 19} If we had this excuse as part of the record, we might question the priority of importance to Appellant in placing an appointment over a hearing concerning the loss of her child, but, as it is not in the record, we can only consider the statements of counsel which do not include any justification for the non-appearance.
 {¶ 20} Hartt v. Munobe et al. (1993), 67 Ohio St.3d 615, states in part:
 {¶ 21} "Continuance based on party's absence must be based on unavoidable, not voluntary, absence."
 {¶ 22} State, ex re. Buck v. McCabe, et al. (1942),140 Ohio St. 535, states in part:
 {¶ 23} "An appellate court will not interfere with exercise of discretion in granting or refusing continuance unless court's action is plainly erroneous and constitutes a clear abuse of discretion."
 {¶ 24} We find no abuse of discretion in the denial of the continuance.
 {¶ 25} The First Assignment is rejected.
 II {¶ 26} In her Second Assignment of Error, Appellant argues that the trial court's decision was against the manifest weight of the evidence.
 {¶ 27} In reviewing the records to the manifest weight of the evidence, a reviewing court is to examine the entire record, weigh the evidence and draw all reasonable inferences, consider the credibility of the witnesses and determine Awhether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. State v. Martin (1983),20 Ohio App.3d 172. See also, State v. Thompkins (1997),78 Ohio St.3d 380.
 {¶ 28} R.C. § 2151.414 provides in part:
 {¶ 29} "(A)(1) Upon the filing of a motion pursuant to section 2151.413 of the Revised Code for permanent custody of a child, the court shall schedule a hearing and give notice of the filing of the motion and of the hearing, in accordance with section 2151.29 of the Revised Code, to all parties to the action and to the child's guardian ad litem. The notice also shall contain a full explanation that the granting of permanent custody permanently divests the parents of their parental rights, a full explanation of their right to be represented by counsel and to have counsel appointed pursuant to Chapter 120. of the Revised Code if they are indigent, and the name and telephone number of the court employee designated by the court pursuant to section2151.314 of the Revised Code to arrange for the prompt appointment of counsel for indigent persons.
 {¶ 30} "The court shall conduct a hearing in accordance with section 2151.35 of the Revised Code to determine if it is in the best interest of the child to permanently terminate parental rights and grant permanent custody to the agency that filed the motion. The adjudication that the child is an abused, neglected, or dependent child and any dispositional order that has been issued in the case under section 2151.353 of the Revised Code pursuant to the adjudication shall not be readjudicated at the hearing and shall not be affected by a denial of the motion for permanent custody."
 {¶ 31} "* * *"
 {¶ 32} "(B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:"
 {¶ 33} "* * *"
 {¶ 34} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
 {¶ 35} The pertinent testimony of Krishina Bate's caseworker with Appellee as to Appellant is:
 {¶ 36} "When was the child picked back up?
 {¶ 37} "Um Mom was having some problems . . . she wasn't on her medication um she had went to the welfare office and was screaming and yelling at the case worker um we had ah assisted her in getting her some food and um during that time Mom was suppose to have done some community service hours which we made arrangements with the prior foster parent for um Jason to stay with them while she completed her community service hours. Um during that time she did not complete her community service hours and things just seemed to get worse. I went to the home um on 4-27 and she was paranoid um the house was a mess . . . she had all of the windows open and the heat blazing. Uncooked food left on the stove. She couldn't remember anything. She kept stating that people were coming in her house stealing her paperwork.
 {¶ 38} "Her mental health. She's not stable on her medication. She's not stable with um receiving counseling services. When things get a little bit two stressful for her she just breaks down and Jason would um end up being neglected or abused because of that."
 {¶ 39} "* * *"
 {¶ 40} "What were the nature of those?
 {¶ 41} "Um she stopped taking her medication um she lost her job ah she didn't have food in the house. . . . utilities were about to be cut off.
 {¶ 42} "Now this occurred when the child was only there for a month correct?
 {¶ 43} "Yes."
 {¶ 44} "* * *"
 {¶ 45} "Sounds like not a very good ah place for a young child?
 {¶ 46} "No."
 {¶ 47} "* * *"
 {¶ 48} "Since Mother was released from the Crisis Center has she complied with the recommendation of her mental health providers?
 {¶ 49} "No."
 {¶ 50} Based upon the testimony produced at trial, we find that the record clearly support's the court's determination that the best interests of Jason and the inability of Appellant to cope with his needs, and that of her own, warranted the grant of permanent custody to Appellee.
 {¶ 51} The Second Assignment is denied.
 {¶ 52} This cause is affirmed at Appellant's costs.
Boggins, J. Farmer, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Juvenile Division, Stark County, Ohio, is affirmed. Costs assessed to Appellant.