[Cite as *Cook v. Donley*, 2019-Ohio-3750.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| BRENDA COOK | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellant | Hon. Patricia A. Delaney, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2019 CA 0021 |
| CRAIG DONLEY, et al. | |
| Defendants-Appellees | O P I N I O N |


CHARACTER OF PROCEEDING:       Civil Appeal from the Court of Common
                               Pleas, Case No.  17 CV 325


JUDGMENT:                      Affirmed


DATE OF JUDGMENT ENTRY:        September 18, 2019


APPEARANCES:

For Plaintiff-Appellant                For Defendants-Appellees

MICHAEL J. FUSCO                       DAVID D. CARTO
FUSCO, MACKEY, MATHEWS & GILL          WELDON, HUSTON & KEYSER
1069 Melinda Drive                     76 North Mulberry Street
Westerville, Ohio  43081               Mansfield, Ohio  44902

*Wise, John, P. J.*

{¶1}   Appellant Brenda Cook appeals the decision of the Richland County Common Pleas Court denying her motion for continuance and granting a directed verdict in favor of Appellees Craig Donley and Jennifer Donley.

## STATEMENT OF THE FACTS AND CASE

{¶2}   The relevant facts and procedural history are as follows.

{¶3}   Appellees Craig and Jennifer Donley were the owners of a home located at *599* Harlan Road, Mansfield, Ohio, 44903, until 2013, when the property was sold to Appellant Brenda Cook.

{¶4}   On May 11, 2015, Plaintiff-Appellant Brenda Cook filed her original Complaint in the Richland County Court of Common Pleas, titled Richland County Common Pleas Case No. 15-CV-623.   Due to delays in discovery and several continuances of the scheduled trial, the 2015 case was dismissed without prejudice by way of stipulated entry on April 20, 2017.

{¶5}   Appellant re-filed her complaint on April 24, 2017, titled Richland County Common Pleas Case Number 17-CV-325. This is the case at hand in this appeal.

{¶6}   A jury trial was initially scheduled for March 8, 2018, but was continued on March 6, 2018 in order to allow the Court additional time to rule on the pending motions for summary judgment filed by all defendants.

{¶7}   Appellant had originally named several defendants in her action, but on April 3, 2018, the trial court granted summary judgment against Appellant in regards to all of her claims except one, a breach of contract claim relating to alleged damage caused

by Appellees to Appellant's driveway. This last remaining claim, the subject of this appeal, was to move forward to a bench trial, which was set for February 1, 2019.

{¶8} Appellant filed a motion for continuance of the final pretrial scheduled for January 3, 2019, which was granted.

{¶9} Appellant failed to pay a required jury deposit, and therefore the trial court, on January 28, 2019, denied Appellant's motion to have the case reset for a jury trial.

{¶10} The case was bumped due to ongoing criminal trials on January 31, 2019, and a bench trial was rescheduled for February 22, 2019.

{¶11} On February 19, 2019, three days before the scheduled bench trial, Appellant filed a Motion for Continuance. This Motion contained three Exhibits:

1. Exhibit A: an obituary of Ralph E. Brown.

2. Exhibit B: A letter dated 1/30/19 purportedly authored by Peggy A. Walter, and addressed to Appellant's counsel (filed under seal).

3. Exhibit C: a letter dated 2/13/19 purportedly authored by Peggy A. Walter and again addressed to Appellant's counsel (filed under seal).

{¶12} A fourth exhibit was presented at the bench trial, which was labeled as Exhibit D. (T. at 4). Exhibit D was again filed under seal and is a third letter purportedly from Peggy A. Walter.

{¶13} The letters all are unsigned and do not appear on any letterhead. (T. at 5). The letters were not signed under oath, notarized, or otherwise provided as affidavits. The letters "MA, LPCC" appear after Walter's name on the correspondence, but no facts in the record exist to establish what degree or profession those alleged degrees or credentials represent.

{¶14} On February 19, 2019, Appellees filed a response objecting to the Motion stating that the exhibits attached to said motion were unsigned and unverifiable.

{¶15} On February 21, 2019, the trial court filed an Entry denying the motion.

{¶16} On February 22, 2019, a bench trial was held in this matter.

{¶17} At the bench trial, Appellant failed to appear and counsel for Appellant appeared alone. No witnesses were in attendance. (T. at 3). Counsel argued that Appellant could not attend "per her medical professionals." (T. at 3). The trial court again denied Appellant's Motion for a continuance.

{¶18} The trial court gave Appellant's counsel the option to proceed with his case. Appellant's counsel chose not to call any witnesses or to call Appellees on cross-examination. (T. at 10). No testimony was presented on behalf of Appellant at the bench trial.

{¶19} Appellees moved for a directed verdict due to the failure of Appellant to present any evidence, and the motion was granted. (T. at 13-14).

{¶20} By Judgment Entry filed March 8, 2019, the trial court journalized the denial of the motion for continuance and the granting of the motion for a directed verdict.

{¶21} Appellant now appeals, raising the following errors for review:

<u>**ASSIGNMENTS OF ERROR**</u>

{¶22} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR CONTINUANCE AND GRANTING APPELLEES A DIRECTED VERDICT WHEN APPELLANT WAS UNDERGOING A LIFE-THREATENING EMOTIONAL CRISIS WHICH RENDERED HER UNABLE TO PARTICIPATE IN THE SCHEDULED TRIAL.

**{¶23}** "II. BY DENYING OF [SIC] APPELLANT'S MOTION FOR CONTINUANCE AND INSISTENCE ON PROCEEDING IN HER ABSENCE, THE TRIAL COURT DEPRIVED APPELLANT OF HER RIGHT TO DUE PROCESS OF LAW. [ID.] THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION."

**I., II.**

**{¶24}** In her first and second assignments of error, Appellant argues that the trial court erred in denying her motion for a continuance. We disagree.

**{¶25}** "The grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge." *State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981). Therefore, an appellate court must not reverse a trial court's decision to deny a motion for continuance unless it finds that the trial court abused its discretion. *Id.*; *State v. Wheat,* 5th Dist. Licking No. 2003–CA–00057, 2004–Ohio–2088, ¶ 16. In order to find an abuse of discretion, the reviewing court must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶26}** The reviewing court must balance the interests of judicial economy and justice against any potential prejudice to the moving party. *State v. Scott*, 5th Dist. Stark No. 2001CA0004, 2001 WL 1744125 (Dec. 28, 2001). To constitute a sufficient ground for a continuance because of the absence of a party, it must appear that: the party's absence is unavoidable, rather than voluntary; the party's presence at trial is necessary; the continuance is made in good faith; and, the party will probably be able to attend court

at some reasonable future time. *State ex rel. Buck v. McCabe,* 140 Ohio St. 535, 538, (1942), citing 17 Corpus Juris Secundum, Continuances, p. 210, § 27. A litigant does not have a right to unreasonably delay a trial. *See Hartt v. Munobe,* 67 Ohio St.3d 3, 9, 1993-Ohio-177.

{¶27} In evaluating whether the trial court has abused its discretion in denying a continuance, appellate courts apply a balancing test which takes into account a variety of competing considerations, including the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; and whether the defendant contributed to the circumstance which gives rise to the request for a continuance. *State v. Palmer*, 5th Dist. Richland No. 17 CA 13, 2018-Ohio-1266, ¶ 73, appeal not allowed, 153 Ohio St.3d 1442, 2018-Ohio-2834, 102 N.E.3d 500, citing *State v. Unger,* 67 Ohio St.2d 65, 67–68, 423 N.E.2d 1078 (1981).

{¶28} In the instant case, Appellant failed to appear for trial. Her written motion for continuance has already been denied three (3) days prior. While certain documents purporting to be letters from a therapist by the name of **** Walter were presented to the trial court in support of the written and oral motions for continuance, no evidence or testimony was ever presented to the trial court to verify these unsigned letters as authentic. Further, no credentials were ever provided to establish Walter as a credible witness or expert.

{¶29} In said letters it was alleged that Appellant was unable to attend the scheduled trial for various reasons, but no evidence was presented through testimony or

otherwise in support. In said letters, Ms. Walter purportedly stated that Appellant's emotional health did not allow her to attend at that time.  However, she was unable to give the trial court any guarantee that Appellant would ever be able to attend a trial. Appellant's counsel himself stated that if the case were to be continued to a later date, "[Appellant] would be in a better position to be here. Obviously no one can guarantee that, you can't guarantee anyone will be here ... she's not admitted to the hospital." (T. at 7-8).

{¶30}  The trial court overruled the Motion for Continuance for a variety of reasons, including the court's overloaded docket, the fact that there was no guarantee that Appellant would appear if a continuance was granted, and the fact that the present case had been pending for almost two years, and in total nearly four years. (T. at 7-8).

{¶31}  We find that the trial court did not err in proceeding with the trial because appellant's absence was not unavoidable, and Appellant did not appear to renew her motion for a continuance. With respect to due process, we note that, in civil proceedings, due process requires notice and a meaningful opportunity to be heard. *State v. Hayden,* 96 Ohio St.3d 211, 2002–Ohio–4169, 773 N.E.2d 502. We find that reasonable notice and opportunity to be heard were afforded to Appellant under the facts and circumstances presented, and that the trial court did not err or abuse its discretion in declining to continue or reset the trial to a later date.

{¶32}  Upon consideration of the *Unger* factors, we do not find the trial court abused its discretion. *See Palmer, supra*, at ¶ 75.

**{¶33}** Appellant's assignments of error are overruled.

**{¶34}** Accordingly, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.

By: Wise, John, P. J.

Delaney, J., and

Wise, Earle, J., concur.

JWW/d 0904