OPINION
{¶ 1} Defendant-appellant, Mike Farinacci, dba Farinacci Auto Truck, appeals the Judgment Entry of the Chardon Municipal Court, Small Claims Division, adopting the Magistrate's Decision which found for the plaintiff-appellee, David T. Heerlein, in the amount of $942.35, for damages to his vehicle. For the following reasons, we affirm the decision of the court below. *Page 2 
 {¶ 2} On November 29, 2007, Heerlein filed a Small Claim Complaint in municipal court, alleging: "Defendant's employee damaged a part of my truck. Instead of replacing the part, as originally promised, defendant merely glued the damaged part together. I want the part replaced, and installed. In addition, the original repair work defendant was asked to do has failed [sic]. Defendant refuses to honor the warranty or make repairs. I want the original amount paid to defendant returned to me also." Heerlein sought $654.85 for the damage to his vehicle and $287.50 for the failure to repair the electrical/wiring problem.
 {¶ 3} The municipal court scheduled a trial before a magistrate on Heerlein's claims for January 22, 2008, at 9:30 a.m.
 {¶ 4} Farinacci failed to appear at trial. Heerlein appeared and testified, introducing a written estimate of the cost to repair the damage and the invoice for the original repair work, including 90-day warranty. The magistrate entered judgment in Heerlein's favor for $942,35, plus interest, the amount prayed for in the Complaint.
 {¶ 5} At 11:37 a.m., on January 22, 2008, a letter from Farinacci was filed with the municipal court, expressing his apologies for not appearing at trial. Farinacci explained that he had "inadvertently noted the time incorrectly" and requested that the trial be rescheduled, if possible.
 {¶ 6} On January 23, 2008, the magistrate issued his written decision.
 {¶ 7} On January 25, 2008, the municipal court adopted the Magistrate's Decision, and, construing Farinacci's January 22 letter as a motion for a continuance, denied the motion.
 {¶ 8} Farinacci timely appeals and raises the following assignments of error: *Page 3 
 {¶ 9} "[1.] The trial court erred to the prejudice of appellant in dismissing appellant/defendant's immediate motion to continue."
 {¶ 10} "[2.] The trial court erred to the prejudice of appellant in approving the magistrate's review of the evidence."
 {¶ 11} In the first assignment of error, Farinacci argues the municipal court erred by denying his motion to continue, i.e. letter of January 22.
 {¶ 12} "The grant or denial of a continuance is a matter that is entrusted to the broad, sound discretion of the trial judge." State v.Unger (1981), 67 Ohio St.2d 65, paragraph one of the syllabus; State exrel. Buck v. McCabe (1942), 140 Ohio St. 535, paragraph one of the syllabus. "[A]n appellate court will not interfere with the exercise of this discretion unless the action of the court is plainly erroneous and constitutes a clear abuse of discretion." Buck, 140 Ohio St. at 538
(citation omitted).
 {¶ 13} In the present case there was no abuse of discretion. Farinacci's motion to continue was filed after the trial had been concluded and, therefore, untimely. There was no longer any hearing that could be continued.
 {¶ 14} Farinacci relies upon the case of Frampton v. Sekula, 7th Dist. No. 06 CO 73, 2007-Ohio-5039. Frampton is distinguishable in several important respects. First, the appellant in Frampton filed her motion for a continuance before the trial had commenced. Id. at ¶ 3. Second, the court of appeals found the denial of the motion to be "unreasonable and unconscionable" because the municipal court "acknowledge[d] that it based its decision on a myriad of improper sources," such as ex parte communications with the appellee. Finally, the appellant inFrampton filed a Civil Rule 60(B) motion to vacate default judgment, which Farinacci failed to do in the present *Page 4 
case. In circumstances such as these, a Motion for Relief from Judgment/to Vacate is an appropriate potential course of action. See, e.g. Syphard v. Vrable, 141 Ohio App.3d 460, 464-465, 2001-Ohio-3229
(and the cases cited therein); Blankenship v. Rick Case Honda/lsuzu
(Mar. 27, 1987), 11th Dist. No. 1669, 1987 Ohio App. LEXIS 6358, at *2-*5 (litigant who "forgot to mark the [trial] date" on his calendar demonstrated "excusable neglect" sufficient to sustain a Civ. R. 60(B) motion).
 {¶ 15} The first assignment of error is without merit.
 {¶ 16} In the second assignment of error, Farinacci argues the municipal court erred in adopting the Magistrate's Decision because there was no "direct evidence" that $287.50 was the cost of the original electrical work.
 {¶ 17} In the present case, Farinacci failed to file objections to the magistrate's decision. Therefore, he has waived his right to appeal. Civ. R. 53(D)(3)(b)(iv) ("[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ. R. 53(D)(3)(b)"). Instead, we review for plain error. "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Goldfuss v. Davidson, 79 Ohio St.3d 116, 1997-Ohio-401, at syllabus.
 {¶ 18} Farinacci asserts that the Civil Rules regarding magistrates should not apply in small claim proceedings. This court has previously rejected this position and *Page 5 
has held that "[s]mall claims courts are subject to the requirements of Civ. R. 53." All Occasion Limousine v. HMP Events, 11th Dist. No. 2003-L-140, 2004-Ohio-5116, at ¶ 12, citing R.C. 1925.16 and Civ. R. 1(C); Brown v. Gabram, 11th Dist. No. 2004-G-2605, 2005-Ohio-6416, at ¶¶ 15-20.
 {¶ 19} Thus, Farinacci is precluded from challenging the amount of damages awarded, a factual determination rendered by the magistrate.
 {¶ 20} The second assignment of error is without merit.
 {¶ 21} For the foregoing reasons, the Judgment Entry of the Chardon Municipal Court, awarding damages to Heerlein in the amount of $942.35, is affirmed. Costs to be taxed against appellant.
 CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., concur. *Page 1