[Cite as *Mentor Economic Assistance Corp. v. Eichels*, 2016-Ohio-1162.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| MENTOR ECONOMIC ASSISTANCE CORPORATION, | : | **O P I N I O N** |
| | : | |
| Plaintiff-Appellee, | : | **CASE NO. 2015-L-097** |
| | : | |
| - vs - | : | |
| THEODORE J. EICHELS, et al., | : | |
| Defendants, | : | |
| | : | |
| LYNDA EICHELS, | : | |
| Defendant-Appellant. | : | |
| | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 14 CV 001779.

Judgment: Affirmed.


*Joseph P. Szeman,* Henig, Szeman & Klammer Co., L.P.A., 10 West Erie Street, Suite 106, Painesville, OH 44077 (For Plaintiff-Appellee).

*Lynda Eichels,* Pro se, 6510 Sycamore Street, Mentor, OH 44060 (Defendant-Appellant).


DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Lynda Eichels, appeals from the judgment of the Lake County Court of Common Pleas, granting relief in favor of plaintiff-appellee, Mentor Economic Assistance Corporation (MEACO), on its Complaint. The issues to be decided in this case are whether it is an abuse of discretion to deny a request for a

continuance made on the day of trial, related to a preexisting medical condition, whether testimony of a code enforcement supervisor regarding public records is admissible, and whether the admission of a trust document is necessary when there is other evidence of the ownership of the property. For the following reasons, we affirm the decision of the lower court.

{¶2} On September 9, 2014, MEACO filed a Complaint to Quiet Title and for Declaratory Relief against Lynda, as well as defendants Theodore J. Eichels and John Doe. The Complaint argued that MEACO was the receiver for real property located at 6510 Sycamore Street in Mentor, Ohio, pursuant to an August 22, 2014 Judgment Entry of the Lake County Court of Common Pleas in *Mentor v. Eichels*, Case No. 13 CV 000347. It noted that the current record owner of the property was Harry A. Eichels, Trustee for Theodore J. Eichels, his grandson, pursuant to a 1970 deed, and that Harry Eichels had died in 1978. The Complaint asserted that Theodore Eichels is the lawful owner of the property, title has not been transferred to him, and Lynda Eichels has remained in possession of the property. The Complaint stated that, in *Mentor v. Eichels*, the property was declared a public nuisance and ordered to be sold.[1] MEACO brought the action to quiet title "to facilitate its sale" and asserted that declaratory relief should be granted regarding Lynda's claim of a legal interest to the property in order to properly distribute the proceeds of the sale.

{¶3} Attached to the Complaint were the deed, the Judgment Entry appointing MEACO as receiver, and a trust document.

---

1. In an appeal from that decision, in *Mentor v. Eichels*, 11th Dist. Lake No. 2014-L-097, 2015-Ohio-1068, this court upheld the trial court's decision declaring "'the residential dwelling located at 6510 Sycamore Street, Mentor, Ohio * * * a public nuisance pursuant to R.C. 3767.41,' and appointing a receiver for the purpose of 'taking possession and control of the property.'" *Id.* at ¶ 1.

**{¶4}** On October 14, 2014, Lynda filed an Answer with Counterclaim, in which she asserted that she was the true owner of the property. MEACO filed its Answer to the counterclaim on October 15, 2014. On November 3, 2014, Lynda filed a second Answer with Counterclaim.

**{¶5}** A May 4, 2015 Case Management Entry set the matter for pretrial on June 18, 2015, and trial on July 17, 2015.

**{¶6}** On June 18, 2015, a letter from Lynda was filed asking for an extension of the pretrial on that date, noting "extreme fatigue," related to issues with prescribed medications.

**{¶7}** On July 17, 2015, a letter from Lynda was filed asking for an extension of the trial based on her inability to obtain her prescription medication and related medical problems. It also stated that she was legally blind and had ongoing vision problems.

**{¶8}** The trial was held on July 17, 2015. At the beginning of the trial, the court noted that Lynda had not appeared at the case management conference or the pretrial. It explained that the letter from Lynda had been received that morning, which it treated as a motion to continue and denied.

**{¶9}** Andrew Rose, a code enforcement supervisor for the City of Mentor, testified that he was aware of numerous code violations involving Lynda and the subject property, where she lived. He described documents related to that property, including the deed, explaining that, while investigating the owner of the property, he reviewed these documents. He had spoken to Theodore Eichels, who confirmed that he was the grandson of Harry Eichels. Rose also described a trust document presented as

evidence, a copy of which he obtained from the attorney who handled the trust. He testified that his research showed no other successor trustee.

{¶10} On July 30, 2015, the trial court issued a Judgment Entry in favor of MEACO on its Complaint and Lynda's Counterclaim. It found Theodore Eichels to be the legal owner of the property and that Lynda has no interest in the property. It ordered that title be quieted in the name of Theodore and, upon the sale of the property as ordered in the prior action, the proceeds would be distributed to him.

{¶11} Lynda timely appeals and raises the following assignments of error:

{¶12} "[1.] The trial court violated the defendant's constitutional rights.

{¶13} "[2.] The trial court admitted evidence which should not have been admitted."

{¶14} In her first assignment of error, Lynda argues that the trial court violated her right to due process because she was deprived of a property right after "[t]he court denied [her] an opportunity to be heard." This stems from the trial court's denial of her request for a continuance.

{¶15} MEACO argues that the trial court acted within its discretion in denying Lynda's request for a continuance, made on the day of trial.

{¶16} "The grant or denial of a continuance is a matter that is entrusted to the broad, sound discretion of the trial judge." *Heerlein v. Farinacci*, 11th Dist. Lake No. 2008-G-2818, 2008-Ohio-4979, ¶ 12, citing *State v. Unger*, 67 Ohio St.2d 65, 423 N.E.2d 1078 (1981), paragraph one of the syllabus. "[A]n appellate court will not interfere with the exercise of this discretion unless the action of the court is plainly

4

erroneous and constitutes a clear abuse of discretion." *State ex rel. Buck v. McCabe*, 140 Ohio St. 535, 538, 45 N.E.2d 763 (1942).

{¶17} "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." (Citation omitted.) *Unger* at 67.

{¶18} "In determining whether the trial court abused its discretion in granting or denying the motion for a continuance, the reviewing court must balance the interests of judicial economy and justice," as well as the court's right to control its own docket, "against any potential prejudice to the defendant." (Citation omitted.) *Timeoni v. Ciancibelli*, 11th Dist. Ashtabula No. 2006-A-0077, 2007-Ohio-2312, ¶ 17; *State v. Griesmar*, 11th Dist. Lake No. 2009-L-061, 2010-Ohio-824, ¶ 18.

{¶19} "In dealing with a motion to continue, a trial court should consider the following factors: (1) the length of the delay requested; (2) whether other continuances have been requested and received; (3) the inconvenience to litigants, witnesses, opposing counsel and the court; (4) whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; (5) whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and (6) other relevant factors, depending on the unique facts of each case." *Waldorf v. Waldorf*, 11th Dist. Trumbull No. 2013-T-0094, 2015-Ohio-1207, ¶ 11; *Unger* at 67-68.

{¶20} We find no abuse of discretion in the trial court's denial of Lynda's request for a continuance, nor was the decision so arbitrary as to deny her due process. Lynda's request was made on the morning of the trial, thereby inconveniencing the

5

opposing party and the court. Lynda did not indicate the length of delay she was requesting. The previous request to delay the pretrial, as well as the request for the trial continuance, indicated ongoing medical problems of which Lynda was aware well before the day of trial. Specifically, both requests to continue discussed Lynda's inability to obtain her prescription medications due to insurance issues. According to the letters, this problem had been ongoing for at least several weeks. Lynda could have requested a continuance well in advance of the trial, which was scheduled over two months prior to its date, or could have asked for accommodations relating to her medical condition.

{¶21} The denial of a request for a continuance has been upheld in similar circumstances, where an appellant had medical problems which were "not a new condition" and she "had more than five weeks notice of the trial date but waited until the Friday afternoon before the scheduled Monday trial date to file her motion for continuance." *Baker v. Gamiere*, 5th Dist. Stark No. 2010 CA 00091, 2011-Ohio-42, ¶ 14; *Planin v. Planin*, 11th Dist. Geauga No. 2015-G-2644, 2006-Ohio-2933, ¶ 15 (a motion filed less than two weeks prior to a trial scheduled three months before, based on a non-emergency medical issue that could have been brought up at pretrial, was properly denied). Given these circumstances, the court acted within its discretion in deciding to proceed with the trial in Lynda's absence.

{¶22} Under this assignment of error, Lynda also discusses the evidence and facts she would have presented at trial to establish that "she was the true owner of the property." There is no evidence of this in the record given Lynda's failure to appear at trial. The time to present this evidence was at trial.

6

**{¶23}** The first assignment of error is without merit.

**{¶24}** In her second assignment of error, Lynda argues that the court erred in admitting certain evidence. "[T]he admission of evidence lies within the discretion of the trial court." *Harris v. Huff*, 11th Dist. Trumbull No. 2008-T-0090, 2010-Ohio-3678, ¶ 86. Failure to object, however, waives all but plain error. *Id.* at ¶ 99. The plain error doctrine, in the context of civil cases, is only to be used "in the extremely rare case involving exceptional circumstances" where the error "seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus.

**{¶25}** Lynda first contends that Andrew Rose should not have been permitted to testify since he did not qualify as an expert witness. Specifically, she takes issue with him testifying as "a title examiner."

**{¶26}** Rose was the code enforcement supervisor who performed research to determine the property owner while in the process of dealing with the prior public nuisance issues. While it is true that he is not a title examiner, much of his testimony related to presenting public records he had accessed (the deed) and reading portions of it to the court. The court made no finding that he was an expert witness and the record does not appear to indicate that he was treated as one or that the court relied on his testimony as that of an expert. Lynda does not point to specific "expert" testimony that should have been excluded and was not present at trial to object to any such statements. The court was able to reject any statements that were inappropriate or unreliable. We cannot find that it was plain error to allow Rose to testify.

7

**{¶27}** Lynda also argues that the court erred in admitting hearsay testimony. She contends that Rose should not have been permitted to testify regarding the trust document, of which he had no personal knowledge, and that the trust document was inadmissible since it was not authenticated.

**{¶28}** "Authentication is a matter of establishing that something is what its proponent claims it to be." (Citation omitted.) *Ohio Receivables, LLC v. Purola*, 11th Dist. Lake No. 2012-L-092, 2013-Ohio-5806, ¶ 21; Evid.R. 901(A) ("[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims").

**{¶29}** Rose testified that he obtained the trust document from the attorney who created it. That attorney was not present at the trial, nor could Rose remember his name. Given the circumstances, it may be questionable whether the trust document could be authenticated or if Rose should have been permitted to testify about it as a code enforcement officer. Regardless, any potential error would be harmless. Civ.R. 61 ("[t]he court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties"). The admission of the trust document was unnecessary to establish that there was no evidence to support Lynda's claim that she had a legal entitlement to the property and that title should belong to Theodore.

**{¶30}** The deed, a properly filed public record, stated that the property was granted to "Harry A. Eichels, Trustee for Theodore Joseph Eichels, a minor grandson." A certificate of Harry's death was also presented. No evidence or documents were

8

presented showing that the property belonged to Lynda rather than Theodore, for whom it was held in trust. In the prior proceeding, *Mentor v. Eichels*, 2015-Ohio-1068, this court specifically held that,

> "[a]ccording to the public records, Theodore J. Eichels is the owner of the property as the beneficiary of a trust. This is sufficient evidence to prove ownership. Thus, the burden was on Lynda Eichels to prove that the property was transferred fraudulently. There is no argument or evidence in the record demonstrating that the property was fraudulently transferred, or even an explanation as to why the transfer was fraudulent."

*Id.* at ¶ 16. The same is the case in the present proceedings.

{¶31} Given the valid evidence that was presented at trial, and Lynda's failure to present any evidence to support her claim that she was the owner of the property, a verdict quieting title in favor of Theodore was proper, regardless of the admissibility of the trust document.

{¶32} The second assignment of error is without merit.

{¶33} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is affirmed. Costs to be taxed against appellant.


TIMOTHY P. CANNON, J.,

THOMAS R. WRIGHT, J.,

concur.

9